[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #119
The defendant moves to strike counts one and two of the plaintiff's complaint on the basis that both counts fail to state claims upon which relief can be granted. The complaint alleges that the plaintiff was robbed at gunpoint and shot in the neck while using the defendant's automated teller machine (ATM). The first count alleges negligence by the defendant in failing to keep the premises safe through security and deterrent measures and through adequate lighting in the location of the ATM. The second count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
The defendant argues that the plaintiff fails to state a cause of action for negligence because (1) the factual setting involves the conduct of a supervening criminal actor and (2) the plaintiff has failed to allege the existence of evidence demonstrating that the defendant had notice or knowledge of the dangerous nature of the premises. CT Page 6781
"In analyzing issues of proximate cause, . . . an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within the `scope of risk' created by the defendant's conduct or where the intervening act is reasonably foreseeable." Suarez v.Sordo, 43 Conn. App. 756, 762, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997); see Tetro v.Stratford, 189 Conn. 601, 605, 458 A.2d 5 (1983). "[W]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." (Internal quotation marks omitted.) Stewart v. FederatedDepartment Stores Inc., 234 Conn. 597, 607-08, 662 A.2d 753
(1995); see 2 Restatement (Second), Torts Sec. 442B (1965).
Stewart v. Federated Department Stores Inc., supra,234 Conn. 597 and Doe v. Manheimer, 212 Conn. 748, 563 A.2d 699 (1989), both cited by the defendant in support of its motion to strike, approached the issue of proximate cause on motions to set aside the verdict subsequent to trial. However, the cases do not establish a minimum pleading threshold and are not instructive on the issue of what a plaintiff must allege regarding notice or knowledge sufficient to withstand a motion to strike.
In a motion to strike, the facts alleged in the complaint are to be construed most favorably to the plaintiff; see Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997); and all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. See Amodio v.Cunningham, 182 Conn. 80, 83, 438 A.2d 6 (1980). The defendant's challenge based on proximate cause may be more appropriately raised on a motion for summary judgment. Therefore, the defendant's motion to strike count one of the complaint is denied.
The defendant also argues that the complaint fails to state a cause of action under CUTPA. The criteria for determining whether a practice violates CUTPA includes: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words it is CT Page 6782 within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness."Fink v. Golenbock, 238 Conn. 183, 215, 680 A.2d 1243 (1996). The plaintiff has failed to allege the criteria sufficient to establish a violation of CUTPA. Therefore, the defendant's motion to strike the second count of the complaint is granted.
George W. Ripley J. Judge Trial Referee